IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**NOAH REED,**

               **Plaintiff,**

       v.                                    CASE NO. 12-3244-SAC

**CON MED, et al.,**

               **Defendants.**


**MEMORANDUM AND ORDER**


    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By its order of January 17, 2013, the court directed plaintiff to submit an initial partial filing fee of $2.50, calculated pursuant to 28 U.S.C. § 1915(b) upon the financial records supplied by plaintiff. Plaintiff has filed a response seeking relief from that order on the ground of indigence (Doc. 8).

    The court has reviewed the motion and attachments and concludes plaintiff lacks the resources to pay the initial partial fee. Accordingly, the court will allow plaintiff to proceed in forma pauperis but reminds him that he remains obligated to pay the $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(2).

    Also before the court is a pleading captioned as "A change in medication treatment to request for monetary relief completion motion and electrocardiogram" (Doc. 5). The court has reviewed this pleading and construes it to seek an amendment to the complaint to include a request for ten million dollars in monetary damages. The court will allow the proposed amendment.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009).

The amended complaint and attachments (Doc. 11) reflect that plaintiff was injured in a car accident in June 2012 and suffered injuries that included closed head trauma. He was hospitalized for approximately one week and required physical therapy upon his release.

During his placement in the Sedgwick County Detention Facility (SCDF), between July 30, 2012, and December 9, 2012, he was treated

by Con Med staff members.

Plaintiff appears to acknowledge that he received medical attention while in the SCDF, but he complains the medication provided did not alleviate his pain and that he was not provided with the specific treatment prescribed by physicians he saw prior to his incarceration.

Prison officials who show deliberate indifference to a prisoner's serious medical needs violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To establish a claim of deliberate indifference, a prisoner must show both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component is met where a deprivation is "sufficiently serious", *id*; and the subjective component is established by a showing that a defendant official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837.

In this context, an Eighth Amendment violation is characterized "by obduracy and wantonness, not inadvertence or error in good faith", *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A "mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives" is not sufficient to state a claim of constitutional dimension. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Likewise, the fact that a prison medical official does not prescribe the same medication or treatment does not establish a constitutional violation. Rather, "a prison doctor remains free to exercise … independent professional judgment and an inmate is not entitled to any particular course of treatment." *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006)(quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

Finally, a plaintiff must allege more than a claim that a defendant provided ineffective or negligent medical care. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). Medical malpractice does not rise to a constitutional claim merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106.

The court has considered the plaintiff's allegations in light of these legal standards and concludes this matter must be dismissed for failure to state a claim for relief. While the plaintiff is dissatisfied with the medical attention he received, it appears that he was provided a course of treatment to address his medical concerns. Plaintiff's complaint that Con Med officials did not provide the course of treatment recommended by other physicians outside the SCADF does not state a claim for relief, nor does the fact that he suffered pain despite the treatment offered suggest the sort of deliberate indifference prohibited by the Eighth Amendment.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 4) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion for monetary relief (Doc. 5) is construed as a motion to amend the complaint to add a request for damages and granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 12th day of June, 2013, at Topeka, Kansas.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge